1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11    ROBIN NOVOTNY,                      )
                                          )        Case No. 2:16-cv-02716-RFB-NJK
12                    Plaintiff(s),       )
                                          )        ORDER
13    v.                                  )
                                          )        (Docket No. 19)
14    OUTBACK STEAKHOUSE OF FLORIDA, LLC, )
                                          )
15                    Defendant(s).       )
      _____)

16           Pending before the Court is Plaintiff's motion to extend deadlines.  Docket No. 19.  Defendant

17    filed a response in opposition and Plaintiff filed a reply.  Docket Nos. 22, 26.  The Court finds this

18    matter properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons discussed more fully

19    below, the motion to extend is hereby **GRANTED** in part and **DENIED** in part.

20    **I.    STANDARDS**

21           District courts have wide latitude in controlling discovery and enforcing discovery deadlines.

22    *See, e.g., Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).  To prevail on

23    a request to amend a scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure, a

24    movant must establish "good cause" for doing so.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

25    604, 608-09 (9th Cir. 1992); *see also* Local Rule 26-4.  The party seeking to amend the scheduling order

26    bears the burden of establishing good cause.  *See Werbicky v. Green Tree Serv., LLC*, 2014 WL

27    5470466, at *2 (D. Nev. Oct. 27, 2014); *see also Morgal v. Maricopa County Bd. of Supervisors*, 284

28    F.R.D. 452, 460 (D. Ariz. 2012).  The good cause inquiry focuses primarily on the movant's diligence.

See *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000).  Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*  While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609).

Requests to extend deadlines filed after the deadlines' expiration also require a showing of excusable neglect.  *See, e.g.*, Fed. R. Civ. P. 6(b)(1)(B); Local Rule 26-4.

## II.    ANALYSIS

### A.    Deadline to Amend

The deadline to amend the pleadings expired in this case on March 1, 2017.  Docket No. 11 at 2.  Plaintiff seeks to reopen that deadline to facilitate the filing of an amended complaint.  *See* Docket No. 19 at 7.  A party is not precluded from filing a motion for leave to amend solely because the deadline set forth in the scheduling order has lapsed.  When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the motion to amend through a two-step process.  First, courts treat the motion as seeking to amend the scheduling order, which is governed by the "good cause" standard outlined in Rule 16(b)(4) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  Second, if "good cause" has been established under Rule 16(b)(4), courts will then examine whether amendment is proper under the standards outlined in Rule 15(a)(2).

Rather than addressing these issues piecemeal, the Court finds it better practice for a plaintiff to file a single motion addressing both standards.

### B.    Expert Disclosures Deadlines

Plaintiff next seeks to extend the initial and rebuttal expert disclosure deadlines, which expired prior to filing the instant motion to extend.  *See* Docket No. 15 at 3 (setting initial expert disclosure deadline at May 31, 2017, and rebuttal expert disclosures at June 30, 2017).  It appears that extending these deadlines is unnecessary.  Plaintiff's counsel represents that no new expert needs to be designated, but rather that one expert may need to supplement his opinion based on new information obtained

through discovery. Docket No. 19 at 9. Parties have a duty to supplement expert reports if they learn the report is incomplete or inaccurate. Fed. R. Civ. P. 26(e). An extension of the discovery deadlines is not required for an expert to supplement his opinion; "[g]enerally speaking, supplementation of an expert report is proper when it is based on new information obtained after the expert deadline and the supplemental report was served before the time for pretrial disclosures." *See, e.g.*, *Searcy v. Esurance Insurance Co.*, 2016 WL 4149964, at *2 (D. Nev. Aug. 1, 2016) (citing *Colony Ins. Co. v. Colo. Cas. Ins.*, 2014 U.S. Dist. Lexis 72616, at *4 (D. Nev. May 28, 2014). To the extent Plaintiff believes proper circumstances exist, such a supplementation should be made without seeking Court intervention to alter the relevant deadlines. In the event Defendant believes the supplementation is improper, the parties should resolve that dispute through the meet-and-confer process and, if necessary, through motion practice.

  C. <u>Discovery Cutoff and Subsequent Deadlines</u>

   The discovery cutoff is set to expire on July 31, 2017. Docket No. 15 at 2. Defendant does not oppose a 30-day extension to the discovery cutoff limited to conducting certain depositions. Docket No. 22 at 5. Plaintiff seeks a 90-day extension both to conduct those depositions and follow-up discovery. Docket No. 19 at 8. The Court finds sufficient cause exists to extend the discovery period generally (*i.e.*, not limited to the identified depositions).

**III. CONCLUSION**

   For the reasons stated above, the pending motion to extend is **GRANTED** in part and **DENIED** in part as follows:

- The request to extend the deadline to amend the pleadings is **DENIED** as unnecessary. Plaintiff shall file a motion for leave to amend that addresses the two-step process outlined above. The Court expresses no opinion herein as to the merits of that motion, either with respect to Rule 16(b)(4) or Rule 15(a)(2).

- The request to extend the deadline to supplement expert reports is **DENIED** as unnecessary. To the extent the circumstances so warrant, Plaintiff shall serve a supplemental expert report. If the parties disagree whether that supplementation is

proper, they shall resolve that dispute through the normal process.  The Court expresses no opinion herein as to whether supplementation is proper.

•    The request to extend the discovery cutoff and subsequent deadlines is **GRANTED**.  The Court **SETS** the following deadlines:

    •    Discovery cutoff: October 27, 2017

    •    Dispositive motions: November 27, 2017

    •    Joint proposed pretrial order: December 27, 2017

IT IS SO ORDERED.

DATED:   July 21, 2017

                                                                    _____
                                                                    NANCY J. KOPPE
                                                                    United States Magistrate Judge

4